FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
SEP - 3 2010
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM YOST, | ) | CASE NO. 8:10CV197 |
| | ) | |
| Plaintiff, | ) | |
| | ) | AMENDED |
| vs. | ) | STIPULATED |
| | ) | PROTECTIVE ORDER |
| I.B.E.W. LOCAL NO. 22, OMAHA ELECTRIC SERVICE, INC., GARY KELLY, AND EDWARD J. CIZEK, III, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Rules 26(c) of the Federal Rules of Civil Procedure, plaintiff William Yost and defendants I.B.E.W. Local No. 22, Omaha Electric Service, Inc., Gary Kelly, and Edward J. Cizek, III, hereby stipulate to and request the issuance of the Protective Order attached hereto concerning disclosure, use and protection of confidential business information that is not available in the public domain.

The parties hereby stipulate as follows:

1. <u>Scope</u>. This Order shall govern the handling of "**Documents**" and "**Information**" deemed confidential and proprietary hereunder which are produced in connection with this litigation, or copies thereof, or further Documents or Information derived or created in whole or in part therefrom.

2. <u>Definitions</u>. The following definitions shall be applicable to this Order.
    (a) "**Document**" shall have the broadest meaning accorded it by Rules 26 and 34 of the Federal Rules of Civil Procedure, and shall apply to all Documents, matters, tangible items, things, objects, materials and substances, whether produced or created by any party or another person concerning any party hereto, whether produced pursuant to Court Order, applicable rules, subpoena, by agreement or otherwise.

HBC/387868.2

(b) **"Information"** shall mean, refer to and include interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits and briefs which quote, summarize or contain any fact or material entitled to protection or any fact or material contained in or derived from any Document.

(c) **"Producing party"** shall mean the party producing documents or information that may be subject to this Order.

3.  Definition of Confidential Information.  For purposes of this Protective Order **"Confidential Information"** means any Documents and Information which are identified by any party as confidential pursuant to the procedures set forth herein and within the scope of Rule 26(c) of the Federal Rules of Civil Procedure, which includes competitive information, business information, personal information, financial information and the like. However, this Protective Order does not apply to Documents or Information which:

(a) are or become available to the public other than through breach of this Protective Order by the receiving party.

(b) are or become otherwise lawfully available to the receiving party without restriction from a third party.

Certain of such disclosed documents and information may be of a higher level of sensitivity such that disclosure to a party is likely to be damaging to the producing party, regardless of the steps taken to protect it. Such confidential information or materials will be designated as **"Confidential - Attorneys' Eyes Only"** and separate secure arrangements shall be made for its disclosure only to the persons described in this Order.

If any party wishes to use or inquire at any deposition concerning documents, material, or information designated as **"Confidential"**, any party may designate the portion of the deposition transcript which relates to such documents, material, or information as **"Confidential"** and subject to the confidentiality provisions hereof. Such designation shall be made no later that five (5) days after receipt of the deposition transcript.

Documents and Information which are designated as confidential shall be subject to the provisions of this Order. Documents and Information which are deemed confidential shall be

stamped by the producing party with a **"Confidential"** or **"Confidential - Attorneys' Eyes Only"** stamp.

4.  <u>Nondisclosure of Confidential Documents and Information.</u>

    (a) Except without the prior written consent of the producing party that originally designated Documents or Information as confidential, or as hereinafter provided under this Order, no Confidential Documents or Information may be disclosed to any person.

    (b) Nothing in this Order shall be construed to limit in any way the right of the producing party to use its own Confidential Documents or Information in the ordinary course of business.

    (c) If the producing party inadvertently fails to designate Documents or Information as "**Confidential**" or "**Confidential - Attorneys' Eyes Only**", it may make the designation belatedly so long as it does so promptly after learning of the oversight. Where the producing party belatedly designates Documents or Information as **Confidential** or **Confidential - Attorneys' Eyes Only**, counsel for the receiving party shall take such steps as are reasonably necessary to assure the confidentiality of the Confidential Documents or Information, including securing the return of such Confidential Documents or Information from any individual to whom disclosure would not be permitted by this Order.

    (d) If documents and material (including portions of deposition transcripts) designated as **"Confidential"** or **"Confidential - Attorneys Eyes Only"** or information derived therefrom, are to be included in any papers to be filed with the Court, such papers shall be labeled **"Confidential -- Subject to 'Confidentiality Order"** and filed under "**Restriction**" and kept under Restriction until further order of the Court.

    5.  <u>Permissible Disclosures</u>. Notwithstanding the provisions of paragraph 4, Confidential Documents or Information may be disclosed to the following Authorized Representatives:

        (a)  The Court and its personnel (at or in connection with any hearing, motion or other matter before the Court);

        (b)  Counsel for the parties in this action, including their staff, who are actively engaged in the conduct of this matter;

HBC/387868.2

3

(c) Parties and their officers, directors and employees, who are actively engaged in the conduct of this litigation and are deemed necessary to aid counsel in the prosecution and defense of this matter, so long as such parties and their employees do not use such Confidential Documents or Information for any other purpose, including competing with the producing party;

(d) Court reporters; and

(e) Witnesses at any deposition or hearing in this litigation.

All persons within categories 5(c) and (e) who receive Confidential Information shall first sign the Confidentiality Agreement attached hereto as Exhibit "A", which shall promptly be returned to the producing party's counsel.

6. <u>Certain Disclosures to Competitors.</u> Confidential Information marked **"Confidential - Attorneys' Eyes Only"** may be disclosed only to the persons designated in subparagraphs (a), (b) and (d) of paragraph 5. **"Confidential-Attorneys' Eyes Only"** material includes information which is so highly sensitive that its disclosure even though subject to this Protective Order, would impart unfair competitive advantage to the party receiving the information. Nothing contained herein shall prevent any party from disclosing or using its own Confidential Information as it deems appropriate.

Before disclosing any Confidential Documents or Information to any person listed in subparagraphs 5(c) or (e) who is a competitor (or an officer, director, employee or agent of any competitor of the producing party), the person wishing to make such disclosure shall give at least five business days advance notice or his intent to disclose, in writing to the counsel for the producing party, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the Documents or Information to be disclosed, and stating the purposes of such disclosure. Disclosure is not permissible prior to the expiration of such five day notice period. If a motion is filed within such five day period objecting to the proposed disclosure, disclosure is not permissible until the Court has ruled upon such motion.

7. <u>Disputes.</u> If counsel for the party receiving documents, material, or information designated as **"Confidential"** or **"Confidential - Attorney Eyes Only"** objects to any such designation, that counsel shall so advise the party producing the items. If the producing party objects to the proposed disclosure, all the items shall be treated as **"Confidential"** or

"**Confidential - Attorney Eyes Only**" (as the case may be) pending a resolution of the parties' dispute, and it shall be the obligation of the party receiving the items designated as "**Confidential**" or "**Confidential - Attorney Eyes Only**" to submit to the Court the question or whether the designation is proper in which case the party making the designation shall carry the burden of showing that the designation made by the party is appropriate. In deciding whether information should remain "**Confidential**" or "**Confidential - Attorney Eyes Only**" (as the case may be) the Court will be guided by the provisions of Federal Rule of Civil Procedure Rule 26(c) and case law interpreting Rule 26(c). No motion should be filed regarding the issue of whether a designation is proper unless the parties have been unable to agree on the proper designation after conferring on that issue.

8. <u>Subpoena by Other Courts or Agencies</u>. If another court or an administrative agency subpoenas or orders production of Confidential Documents or Information which a party has obtained in discovery in this matter, the party which received the subpoena or order shall notify the producing party's attorney of the pendency of such subpoena or order as quickly as practicable, by telephone, facsimile transmission, or hand delivery of a notice, and in no event later than five (5) days after receiving the subpoena or order, and two (2) days prior to the date of production set forth in such subpoena or order, whichever comes first.

9. <u>Use</u>. Persons obtaining access to Confidential Documents or Information under this Order shall use the Information or Documents only for preparation of this matter (including appeals and re-trials), and shall not use such Documents or Information for any other purpose.

10. <u>Return of Documents; Certificate of Destruction.</u> Within thirty (30) days following the conclusion of this proceeding, including all appeals, each party shall return to the producing party's attorney all copies of Confidential Documents and Information provided to that party pursuant to this Order and all copies of the Confidential Documents or Information reproduced by a party, and must provide a sworn certification that, to the best of his or her knowledge, information and belief, all copies of notes, memoranda, and other Documents or Information regarding or derived from the Confidential Documents or Information (including copies of Confidential Documents or Information) that have not been so returned, if any, have been destroyed, other than notes, memoranda, or other Documents or Information which contain information in a form which, if made public, would not cause disclosure of Confidential Documents or Information.

11. <u>Modification Permitted</u>. Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

12. <u>No Waiver of Objections.</u> Nothing in this Order precludes a party from objecting to the use of Confidential Documents or Information on grounds other than confidentiality, including, without limitation, the lack of required relevance.

13. <u>No Waiver of Privilege</u>. The inadvertent disclosure of privileged Documents or Information by any party or its counsel shall not constitute a waiver of any applicable privilege.

14. <u>No Waiver of Protective Order</u>. The inadvertent or unintentional production of Confidential Documents or Information without being designated as confidential at the time of the production or disclosure is not a waiver in whole or in part of any claim of confidentiality or secrecy, either as to the specific Document or Information disclosed or as to any other Document or Information relating thereto or on the same or related subject matter.

15. <u>No Admission of Confidentiality</u>. Entering into, agreeing to, and/or complying with the terms of this Order shall not (a) operate as an admission by any party that any particular documents, material, or information contain or reflect currently valuable trade secrets or proprietary or commercial information or (b) prejudice in any way the right of a party at any time to (i) seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order or (ii) seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information.

EDWARD J. CIZEK, III, Defendants

By: /s/ Harvey B. Cooper
    Harvey B. Cooper, #15035
    Of Abrahams Kaslow & Cassman LLP
    8712 West Dodge Road, Suite 300
    Omaha, NE 68114
    Telephone: (402) 392-1250
    hcooper@akclaw.com
    Attorneys for Plaintiff

WILLIAM YOST, Plaintiff

By: /s/ Michael F. Polk
   Michael F. Polk, #21526
   Adams & Sullivan, P.C.
   1246 Golden Gate Drive, #1
   Papillion, NE 68046
   Telephone: (402) 339-9550
   polk@adamsandsullivan.com
   Attorney for Plaintiff

I.B.E.W. LOCAL NO. 22, and GARY KELLY, Defendants,

By: /s/ Scott Brown
   Scott Brown,
   Blake, Uhlig Law Firm
   753 State Avenue, Suite 475
   New Brotherhood Building
   Kansas City, KS 66101
   Telephone: (913) 321-8884
   rjh@blake-uhlig.com
   Attorneys for I.B.E.W. Local No. 22 and
   Gary Kelly

**So ordered.**

DATED: September 3, 2010.

_____
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the attorneys of record.

                    /s/ Harvey B. Cooper
                    Harvey B. Cooper

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety the Amended Stipulated Protective Order or have had the Amended Stipulated Protective Order explained to me by Counsel for a party and understand the Amended Stipulated Protective Order that was issued by the United States District Court for the District of Nebraska in the case of William Yost v. I.B.E.W. Local No. 22, Omaha Electric Service, Inc., Gary Kelly, and Edward J. Cizek, III, 8:10CV197. I agree to comply with and to be bound by all the terms of this Amended Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Amended Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nebraska, for the purpose of enforcing the terms of this Amended Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed Name:  _____

Signature:  _____

Address:  _____

_____

Dated:  _____, 2010

HBC/387868.2